UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

UNITED STATES OF AMERICA

-against-

JAYLEN SCOTT-KING,

                        Defendant.
--------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 8, 2021

17-CR-487 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

      Defendant Jaylen Scott-King has moved to reduce his sentence under the federal compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), in light of COVID-19. The Government opposes the motion. For the reasons that follow, Defendant's motion is DENIED.

## BACKGROUND

      On August 8, 2017, Scott-King was arrested in connection with his membership in the "Rollin' 30s Crips," a street gang that engaged in, among other activities, narcotics trafficking, firearms trafficking, and robberies. (Mot. at 1, ECF No. 302; Gov't Opp'n at 1, ECF No. 305.) On April 30, 2018, pursuant to a plea agreement, Scott-King pled guilty to conspiracy to distribute crack cocaine and heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). (Gov't Opp'n at 2.) On September 19, 2018, Scott-King was sentenced to 60 months' imprisonment. His anticipated release date is March 13, 2022. (*Id.*) In June 2021, he will be eligible for release to a halfway house. (Mot. at 1.)

      On January 21, 2021, Scott-King filed the instant motion for compassionate release, based on the health risks associated with the COVID-19 pandemic. On February 4, the Government filed its opposition. On February 26, Scott-King filed a supplemental letter, detailing further the conditions of his confinement at FCI Fort Dix and the implications of his

diagnosis, in early January 2021, with COVID-19.[1]  (ECF No. 310.)  On March 3, the Government filed a response to that letter.  (ECF No. 311.)

## LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), a court may reduce a defendant's sentence upon motion of the Director of the Bureau of Prisons ("BOP"), or upon motion of the defendant.  A defendant may move under § 3582(c)(1)(A) only after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[2]

A court may reduce a defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."  *Id.* § 3582(c)(1)(A)(i).  The court has discretion to consider "the full slate of extraordinary and compelling reasons" an inmate presents. *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).  In light of COVID-19, these reasons may include whether a defendant is at increased risk of suffering serious illness from the virus.  *See, e.g.*, *United States v. Jones*, 2020 WL 6131252, at *3 (S.D.N.Y. Oct. 19, 2020) (Swain, J.).  In determining whether to grant a motion for compassionate release, a court also must consider the sentencing factors set forth in 18 U.S.C. § 3553(a).  18 U.S.C. § 3582(c)(1)(A).  Even if extraordinary and compelling reasons for compassionate release exist,

---

[1] Scott-King's diagnosis was not addressed in the initial motion.  (*See* Gov't Let., ECF No. 306.)

[2] The Government does not contest that Scott-King has exhausted his administrative remedies.  (Gov't Opp'n at 2.)  Scott-King requested a recommendation for compassionate release from the BOP on November 5, 2020. (Mot. at Ex. 1.)  The BOP denied that request more than 30 days later.  (Mot. at Ex. 2.)  Accordingly, the instant motion is properly before the Court.

the court may deny the motion if the Section 3553(a) sentencing considerations outweigh those reasons.

## DISCUSSION

Scott-King seeks compassionate release based on the high number of infections at FCI Fort Dix, his risk of serious illness, and the effect of COVID-19 on his conditions of incarceration. (Mot. at 7-8; Def. Suppl. at 2-4.) The Court agrees with the Government, however, and finds that Scott-King has not met his burden to demonstrate the existence of extraordinary and compelling reasons favoring release.

Scott-King is 23 years old and has not identified any conditions that would place him at increased risk of severe illness from COVID-19, stating only that he has spent much of the past year in a state of "high[] anxiety." (Mot. at 7-8.) Indeed, Scott-King concedes that he is "probably healthier than many." (*Id*. at 7.) Although he tested positive for COVID-19 in early January, Scott-King reported no symptoms and appears to have recovered. (Gov't Suppl. Opp'n at 1.) To the extent there is now a possibility of reinfection, that risk is speculative and does not support release. *See United States v. Decker*, 2020 WL 3268706, at *2 (S.D.N.Y. June 17, 2020) (Kaplan, J.).

The other factors that Scott-King cites also do not support release. The high number of COVID-19 cases at FCI Fort Dix is concerning, and COVID-19 restrictions in BOP facilities have doubtless taken a toll on all inmates and reduced the opportunities for family visitation and meaningful programming. (Mot. at 5-6; Suppl. Let. at 3-4.) Scott-King has not demonstrated, however, that his lack of access to visitation and programming differentiates him from other inmates in federal custody, nor has he presented other factors that would make his confinement uniquely difficult. *See United States v. Fiseku*, 2020 WL 7695708, at *4 (S.D.N.Y. Dec. 28, 2020) (Engelmayer, J.) (discussing the "similar constraints," including separation from family,

faced by all inmates).

In addition, consideration of the Section 3553(a) sentencing factors militates against release. Certain factors, in particular Scott-King's history and characteristics, weigh in his favor. 18 U.S.C. § 3553(a)(1). At sentencing, the Court stated that Scott-King's character "appear[ed] to be mixed." (Sent. Tr. at 7, ECF No. 241.) He was very young, which warranted some leniency; had little educational or employment experience; and became involved with a gang at an early age. (*Id.*) During his incarceration, and to his credit, Scott-King has sought vocational training and worked to address his substance abuse issues. (*See* Mot. at 8.) The instant offenses were his first, and he has no disciplinary record in prison. (*Id.* at 8; Gov't Opp'n at 10.)

Other Section 3553(a) sentencing considerations, however, outweigh the above. Scott-King's offenses were serious. He distributed dangerous and addictive drugs including heroin and crack cocaine, and he participated in firearms trafficking conducted primarily by other Rollin' 30s Crips' gang members. (Gov't Opp'n at 10.) In addition, in the BOP's assessment, Scott-King is at "medium risk of recidivism." (*Id.* at 2 n.2.) Finally, the Government describes a troubling incident, which is uncontroverted, from a related case. During witness testimony provided in that case, Scott-King was identified in a video assaulting a member of an opposing gang and slashing him across the face with a weapon. (*Id.* at 10.) In these circumstances, the Court cannot conclude that Scott-King would not be a danger to the community. Granting compassionate release thus would not reflect the seriousness of the offense, afford adequate deterrence, or protect the public from further crimes. *See* 18 U.S.C. § 3553(a)(2)(A)-(C).

## CONCLUSION

For the foregoing reasons, the Court finds that Scott-King has not demonstrated the

existence of extraordinary and compelling reasons warranting release, and that consideration of the Section 3553(a) sentencing factors weighs against release.  Accordingly, Scott-King's motion for compassionate release is DENIED.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 302.


SO ORDERED.

Dated: New York, New York
       March 8, 2021

                                              */s/ Kimba M. Wood*
                                              KIMBA M. WOOD
                                       United States District Judge